IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>JESSE T. BUDENHOLZER,<br><br>　　　　　　　　　Defendant. | 8:22–CR–274<br><br>**REFERRAL OF PLEA TO MAGISTRATE JUDGE** |

     This matter is before the Court on the Findings and Recommendation submitted by the Magistrate Judge that was previously assigned to this case. Filing 44. Having conducted a *de novo* review of the matter in accordance with 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court concludes that it is appropriate to refer this matter to the presently-assigned Magistrate Judge as permitted by this Court's local rules. *See* NECrimR 11.2(d) ("In conducting this review, the district judge may reconduct or refer back to the magistrate judge all or part of the plea hearing, affirm or set aside any finding by the magistrate judge, and make additional findings"). The Court does so for the following reasons.

     Count III of the Indictment alleges that on or about November 21, 2022, the Defendant committed the offense of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). This is problematic. First, 18 U.S.C. § 924 was materially revised effective June 25, 2022, pursuant to the Bipartisan Safer Communities Act, Pub. L. No. 117-159, 136 Stat. 1313, 1329 (2022). As part of these revisions, the portion of the statute ascribing the available penalties for being a felon in possession of a firearm was moved from subparagraph (a)(2) to subparagraph (a)(8). *United States v. Conley*, 69 F.4th 519, 520 n.2 ("The former 18 U.S.C. § 924(a)(2) has since been amended and recodified at § 924(a)(8)"). Thus, Count III of the

Indictment alleges the wrong provision of the statute by citing 18 U.S.C. § 924(a)(2) rather than § 924(a)(8).

Second, when Congress revised 18 U.S.C. § 924, it also increased the statutory maximum penalty available for violating 18 U.S.C. § 922(g)(1) from 10 years to 15 years. *See United States v. Parker*, No. 22–2905, 2023 WL 8714098, at *1 (8th Cir. Dec. 18, 2023) (noting that in the absence of a sentencing enhancement, the statutory maximum penalty for violating 18 U.S.C. § 922(g)(1) is 180 months' imprisonment). During the change of plea proceeding, the Defendant was advised that he was facing a statutory maximum term of imprisonment of 10 years with respect to Count III. Filing 51 at 10–11. The Petition to Enter a Plea of Guilty and his Plea Agreement show that he was under the same impression when those two documents were executed. *See* Filing 47 at 6; Filing 48 at 3. Under the version of 18 U.S.C. § 924 that was in effect on November 21, 2022—when the crime is alleged to have occurred—the maximum possible penalty for this offense is 15 years, not 10. *See* 18 U.S.C. § 924(a)(8) ("Whoever knowingly violates subsection (d) or (g) of section 922 shall be fined under this title, imprisoned for not more than 15 years, or both").

Given that this discrepancy infected the Defendant's Petition, his Plea Agreement, and his Change of Plea Proceeding, and also in light of the fact that there is a pending Motion filed by the Government for a Preliminary Order of Forfeiture[1] (Filing 49), the Court concludes that the most appropriate course of action is to refer this matter back to the Magistrate Judge in accordance with NECrimR 11.2(d). This will allow the parties the opportunity to take any remedial measures they

---

[1] Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court cannot act on the Government's Motion for a Preliminary Order of Forfeiture until "after a verdict or finding of guilty, or after a plea of guilty or nolo contendre is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought[.]" Fed. R. Crim. P. 32.2(b)(1)(A). Although the Government's forfeiture allegation is premised upon Count I of the Indictment rather than Count III, the parties' plea agreement requires the Defendant to plead guilty to both Counts I and III. *See* Filing 48 at 1.

2

deem appropriate rather than rejecting the Defendant's plea outright at this time and requiring that the matter be set for trial. Accordingly,

IT IS ORDERED: This matter is referred to the assigned Magistrate Judge in accordance with NECrimR 11.2(d).

Dated this 3rd day of May, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge